[Civ. No. 20167.   Second Dist., Div. One.   Aug. 16, 1954.]

ROBERT STERLING LAWSON, Appellant, v. MARY
MAGDALINE LAWSON, Respondent.

Killion, Clarke & Swink and Jack W. Swink for Appellant.

Edward M. Hannin for Respondent.

DORAN, Acting P. J.—On January 16, 1953, the plaintiff
husband filed a complaint for annulment of marriage alleg-
ing that at the time of the marriage ceremony plaintiff was
so intoxicated as to be incompetent to enter a contract of
marriage.  On February 6, 1953, an appearance and waiver
executed by the defendant wife was filed.  The cause came
on for trial in the Burbank Branch of the Superior Court
on March 20, 1953, at which time a judgment was duly
rendered annulling the marriage.  On August 10, 1953, the
defendant wife filed a notice of motion to set aside the default
judgment, and on August 14, 1953, an order was made grant-
ing the motion and setting aside the annulment.

Appellant contends that the trial court committed error
in granting the motion because, (1) "respondent did not
show that she was entitled to relief from the default judg-
ment because of fraud"; (2) "respondent was not entitled
to relief under Section 473, Code of Civil Procedure"; and
(3) "the trial court abused its discretion in setting aside
the judgment of annulment in favor of plaintiff."

The wife's notice of motion to set aside the default specified
"that said judgment was entered through the mistake, inad-
vertence, surprise and excusable neglect of defendant and

because said judgment was obtained through the fraud and perjury on the part of plaintiff.'' The wife's affidavit in support of the motion denied the material allegations of the complaint, alleged that the husband was not intoxicated at the time of marriage; that thereafter while the parties were still living together, ''affiant through fraud and coercion was prevailed upon, on January 17, 1953, to sign a paper, which paper affiant now understands to have been a waiver of the Soldiers and Sailors Civil Relief Act, and whereby she appeared in said action, accepted service and consented to have a default judgment entered without further notice; that at the time of signing said paper, affiant was confused and upset, that she was then pregnant with child by plaintiff, as plaintiff well knew, and was very ill and consequently did not realize the legal effect of her act; that she was a stranger from Canada, was ignorant of the laws of the United States and proceedings in court; that she had never been in a court in the United States in her life or had any kind of litigation whatsoever.'' The affidavit further alleged that on January 21 ,1953, ''affiant was induced by plaintiff to return to her home in Canada so that 'he could think things over'; that affiant remained in Canada until her return to Los Angeles, California, July 5, 1953.''

It is appellant's claim that these affirmations were too general in form, that the facts of her illness are not sufficiently set forth, that the affidavit does not claim that the wife did not read the paper before signing it, and that an opposing affidavit by one Fay Steele states that Mrs. Lawson did read the paper, and that no fraud or coercion was practised. It is also claimed that no surprise, excusable neglect, etc., appears from the affidavit, and that it is now shown that the wife intended to contest the action. In short, the appellant claims that no grounds for setting aside the default appear from the record, and that therefore the trial court abused its discretion in granting the motion.

A survey of the record indicates that the merits of the motion to set aside the default judgment were adequately presented to the trial court and that the matter was taken under submission before decision was rendered. The trial court was confronted with contradictory affidavits concerning the surrounding circumstances, and divergent views were presented by respective counsel. If respondent's affidavit is to be believed, and the trial court evidently did believe its statements, undue advantage was taken of the wife's condition

and ignorance of the law, and high-pressure methods were employed to enable the husband to have the marriage annulled. Under such circumstances, if they existed, a well balanced liberality should be exercised by a trial judge, in opening a default and permitting the wife to present her side of the controversy.

It is fundamental that, on appeal from a judgment, a reviewing court will not attempt to retry factual issues or weigh the evidence presented by the contending parties so long as the record discloses substantial evidence in support of the judgment. The present litigation involves a similar situation where opposing affidavits are employed in lieu of testimonial evidence. That the affidavits here on file furnish substantial support for the trial court's decision can hardly be doubted. Such being the situation, there can be no appellate interference therewith. No abuse of discretion appears and no reversible errors are apparent. Appellant's contentions are all without merit.

The order is affirmed.

Drapeau, J., and Mosk, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.